NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1346

COMMONWEALTH

vs.

MICHAEL H. PAGE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 1999, following a jury-waived trial in the Superior Court, the defendant, Michael H. Page, was convicted of unlawful possession of a firearm in violation of G. L. c. 269, § 10 (a). On direct appeal, a panel of this court affirmed the conviction, concluding that it was supported by sufficient evidence and defense counsel did not provide ineffective assistance by failing to raise certain inapplicable statutory exemptions. Commonwealth v. Page, 56 Mass. App. Ct. 1103 (2002).  The defendant then moved for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), raising the same general arguments.  Another panel of this court affirmed the denial of that motion, observing that the defendant

did not "demonstrate any ineffectiveness that deprived him of a substantial defense or anything material to his defense." Commonwealth v. Page, 57 Mass. App. Ct. 1112 (2003). In 2022, the defendant filed a second motion for a new trial, arguing that he received ineffective assistance because his trial and appellate counsel did not argue that he held a valid license to carry. A judge denied that second motion, and the defendant appealed. We affirm.

We review the denial of a motion for a new trial "for a significant error of law or abuse of discretion." Commonwealth v. Sanchez, 100 Mass. App. Ct. 644, 647 (2022). To prevail on a motion for a new trial based on ineffective assistance of counsel, the defendant must show that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), resulting in a substantial risk of a miscarriage of justice. See Commonwealth v. Millien, 474 Mass. 417, 432 (2016). Trial counsel's performance also must have "likely deprived the defendant of an otherwise available, substantial ground of defence." Saferian, supra.

The defendant argues that he was denied effective assistance due to trial counsel's failure to present a defense based on the defendant's allegedly valid license to carry a

2

firearm at the time of his arrest, October 1, 1999.  The defendant argues that trial counsel should have introduced as evidence a copy of the license, which lists November 20, 2001, as the expiration date.  He also argues that his appellate counsel was ineffective for not raising the issue in a motion for a new trial.

It is true that, at the time the defendant was tried, the holding of a valid license was an affirmative defense to the prohibition against carrying a firearm.  See Commonwealth v. Gouse, 461 Mass. 787, 802 (2012), abrogated by Commonwealth v. Guardado, 491 Mass. 666, 689-690, S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024).  Nevertheless, that defense was not available to the defendant because, at trial, he admitted that he did not have a valid license at the time of his arrest.  Asked by his counsel whether his "license to carry had expired," the defendant responded, "Yes, it did."  He testified that he "held off renewing" the license following his separation from his wife because he did not know where he was going to live.  The defendant's testimony was consistent with the prosecutor's finding in a pretrial investigation that the defendant's license had expired or been revoked before October 1999.

In his 2022 motion, the defendant asserted in an affidavit that he told trial counsel he had a valid license to carry at

3

the time of his arrest, and he criticized counsel for relying on the prosecutor's investigative finding and not obtaining a copy of his license to support his defense. He did not explain, however, why he testified at trial that he did not have a valid license. We agree with the judge that this contradiction renders the defendant's claim of ineffective assistance "neither logical nor credible." See Commonwealth v. Marinho, 464 Mass. 115, 123 (2013) ("A defendant bears the burden of proof on a motion for a new trial . . . and a judge is entitled to discredit affidavits he or she does not find credible"). The defendant argues that the contradiction was "but one factor to be considered" in assessing whether his counsel provided deficient representation, and that counsel's failure to pursue the issue "denuded him of his only defense." As the judge observed, however, counsel "would have been ethically constrained from putting on evidence or arguing to the Court that [the defendant] held a valid license to carry" given his unequivocal testimony to the contrary. Further, the record shows that trial counsel and appellate counsel vigorously pursued other defenses on the defendant's behalf, including arguments that his possession of the firearm fell within certain exceptions to the prohibition in G. L. c. 269, § 10 (a). Because there is no evidence that either counsel "deprived the defendant of an otherwise available, substantial ground of

4

defence," Saferian, 366 Mass. at 96, the judge did not err or abuse his discretion in denying the defendant's motion for a new trial.[1]

Order denying motion for a
new trial affirmed.

By the Court (Neyman, Singh &
Toone, JJ.[2]),

Paul Little

Clerk

Entered:  November 7, 2024.

---

[1] Other claims raised by the defendant do not rise to the level of argument appropriate for judicial review, see Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019), or do not require further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[2] The panelists are listed in order of seniority.